IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEA N. WHITE,

        Plaintiff,                     OPINION AND ORDER

  v.

                                        09-cv-755-slc

STATE OF WISCONSIN
DEPARTMENT OF REVENUE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil rights action brought by pro se litigant Lea White, who alleges that defendant State of Wisconsin Department of Revenue discriminated against her when it refused to hire her as a revenue agent. Plaintiff has requested leave to proceed in forma pauperis and has made the initial partial payment required of her under 28 U.S.C. § 1915.

      The next step is determining whether plaintiff's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the complaint, I conclude that plaintiff may not proceed at this time because her complaint violates Fed. R. Civ. P. 8.

1

Accordingly, I will reserve ruling on the merits of her complaint until she corrects these violations.

## DISCUSSION

I understand plaintiff to be alleging that defendant's hiring process was discriminatory and biased against her. She alleges that although defendant told her that she was not hired because she did not have a degree, defendant hired at least one individual without a degree.

Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), which makes it unlawful for an employer to refuse to hire, deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee because of her race, color, religion, sex or national origin. Thus, to have an actionable Title VII claim, plaintiff must allege that discrimination took place because of her race, color, gender, religion or national origin. Plaintiff fails to identify herself as a member of a protected class or allege any facts from which it can be inferred that defendant's reason for not hiring her (a lack of a degree) was pretext for unlawful discrimination. This information is required under Fed. R. Civ. P. 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Because plaintiff's complaint does not conform to the requirements of Rule 8, I must dismiss it without prejudice. However, I will give plaintiff until February 16, 2010, in which to

2

submit a proposed amended complaint.  If plaintiff fails to respond by that date, I will close this case.

ORDER

IT IS ORDERED that:

1.  Plaintiff Lea Whites' complaint is DISMISSED without prejudice because it is in violation of Fed. R. Civ. P. 8.

2.  Plaintiff may have until February 16, 2010, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8.  If by that date plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3.  If by February 16, 2010, plaintiff submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether plaintiff may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 1st day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge