IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEA N. WHITE,

                    Plaintiff,                    OPINION AND ORDER

     v.

                                          09-cv-755-bbc

STATE OF WISCONSIN
DEPARTMENT OF REVENUE,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Lea White is proceeding on claims that defendant State of Wisconsin Department of Revenue denied her a job because of her race and then retaliated against her for complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964.  Now before the court is defendant's motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  Dkt. #13.

Defendant's motion focuses on two issues: (a) whether plaintiff met the requirement under Title VII to file her lawsuit within 90 days of receiving her right to sue letter; and (b) whether plaintiff's complaint includes a request for relief as required by Fed. R. Civ. P. 8(a)(3).  I conclude that defendant's first argument is premature and its second argument does not require dismissal.  Accordingly, defendant's motion will be denied.

OPINION

A.  90-Day Deadline

Under 42 U.S.C. § 2000e-(f)(1), a plaintiff must file a lawsuit under Title VII within 90 days of receiving notice from the Equal Employment Opportunity Commission of her right to sue.  Citing dated district court cases, defendant argues that plaintiff's complaint must be dismissed because she failed to allege that she satisfied this requirement.  However, in recent years the Court of Appeals for the Seventh Circuit has made it clear that a plaintiff need not include allegations about administrative exhaustion or the statute of limitations in her complaint.  Rather, it is "defendants . . . who have the burden of proving that the suit [is] untimely." Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009), and that the plaintiff failed to exhaust her administrative remedies.  Salas v. Wisconsin Dept. of Corrections, 493 F.3d 913, 922 (7th Cir. 2007).  See also Emiabata v. Marten Transport, Ltd., 574 F. Supp. 2d 912, 916 (W.D. Wis. 2007) ("Plaintiffs did not have to include allegations about exhaustion in their complaint and their failure to do so is not a ground for dismissing their Title VII claims.")

Defendants argue in the alternative that they can prove that plaintiff's complaint is untimely, but that is not an issue that may be resolved on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Even if I agree with defendant that I may take judicial notice of a right-to-sue letter, this does not help defendant because "the limitations period in . . . Title VII

2

. . . begins to run . . .  when the claimant receives the letter, not when it was sent."  <u>Prince</u>, 580 F.3d at 574.  Because plaintiff does not allege in her complaint when she received the letter and the record does not otherwise disclose that fact, the question of the timeliness of plaintiff's complaint will have to wait for summary judgment.


B.  <u>Request for Relief</u>

Under Fed. R. Civ. P. 8(a)(3), a complaint must include "a demand for relief sought." Defendant argues that plaintiff's complaint should be dismissed with prejudice because she failed to comply with this requirement.

Defendant acknowledges that plaintiff included a request for relief in her original complaint, but it says that her request is invalid for two reasons.  First, it argues that the original complaint must be ignored because the court instructed plaintiff on two occasions to file a new complaint that provided additional details about her claims and the new pleadings did not include requests for relief.  That argument is a nonstarter because I concluded in the May 24 order, dkt. #10, that "the operative pleading in this case is plaintiff Lea White's original complaint, dkt. #1, and amended supplement to her complaint, dkt. #9."  Thus, any information in the original complaint may be considered for the purpose of satisfying the requirements of Rule 8.

In the alternative, defendant argues that plaintiff's request for relief does not comply

with Rule 8(a)(3) because she asked for things that are not remedies under Title VII. Instead, she asked the court "to file these charges of allegations" and to "appoin[t] [an] attorney to assist me with discrimination case law." Defendant is correct that plaintiff's complaint does not seek the remedies that typically are awarded for prevailing in a lawsuit, such as monetary, injunctive or declaratory relief. However, defendant is wrong in arguing that plaintiff's mistake requires dismissal. Again, defendant cites various district court decisions in support of its argument, but it overlooks controlling circuit law. The Court of Appeals for the Seventh Circuit has made it clear that mistakes in a request for relief are not fatal to the complaint:

> [E]ven if the district court was right that [the plaintiff] is seeking relief to which he's not entitled, this would not justify dismissal of the suit. Although Rule 8(a)(3) of the civil rules requires that a complaint contain "a demand for judgment for the relief the pleader seeks," the demand is not itself a part of the plaintiff's claim, and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6) (dismissal for failure to state a claim). Any doubt on this score is dispelled by Rule 54(c), which provides that a prevailing party may obtain any relief to which he's entitled even if he "has not demanded such relief in [his] pleadings."

Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002). Rather than dismiss the complaint, a court should ask the plaintiff to identify whether she is seeking relief that is authorized under the law. Id. Under Title VII, a plaintiff may ask for the following types of relief: (1) compensatory damages (such as economic losses she sustained or the emotional pain and suffering she endured), 42 U.S.C. § 1981a(b); (2) punitive damages if the

4

defendant acts "with malice or with reckless indifference to the federally protected rights of" the plaintiff, 42 U.S.C. § 1981a(b)(1); (3) injunctive and equitable relief (such as "hiring" or back pay), 42 U.S.C. § 2000e-5(g); (4) and a declaration that her rights were violated. 42 U.S.C. § 2000e-5(g).  Accordingly, I will give plaintiff an opportunity to identify which types of relief she is seeking.

In the order screening plaintiff's complaint, I overlooked her request for appointment of counsel and have not yet ruled on it.  I will deny it now as premature.  The Court of Appeals for the Seventh Circuit has held that before a district court can consider such motions, it must first find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts.  Jackson v. County of McLean, 953 F.2d 1070  (7th Cir. 1992).  To prove that she has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who she asked to represent him in this case and who turned her down.  Because plaintiff has not complied with that requirement, her motion will be denied.  If plaintiff is unable to find a lawyer on her own and she decides to renew her motion for appointment of counsel, she should know that it will be evaluated under the standard set forth in Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007), which requires the court to weigh the complexity of the case against the abilities of the pro se litigant.  Thus, any motion for appointment of counsel must explain why plaintiff believes she is unable to litigate the case

5

on her own.

ORDER

IT IS ORDERED that

1.  Defendant State of Wisconsin's Department of Revenue's motion to dismiss, dkt. #13, is DENIED.

2.  Plaintiff Lea White may have until October 22, 2010 to identify the relief she is seeking for defendant's alleged discrimination, as described in this order.  If plaintiff does not respond by that date, I will assume that plaintiff is seeking all forms of relief that are authorized by law.

Entered this 8th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6