IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEA N. WHITE,

                      Plaintiff,                      ORDER

    v.

                                                      09-cv-755-bbc

STATE OF WISCONSIN
DEPARTMENT OF REVENUE,

                      Defendant.

---

On March 11, 2010, this court granted plaintiff Lea White leave to proceed on claims that defendant State of Wisconsin Department of Revenue unlawfully denied her a job because of her race and then retaliated against her for complaining about discrimination. On January 31, 2011, defendant filed a motion for summary judgment, to which plaintiff has struggled to respond. Her brief is conspicuously threadbare: plaintiff has submitted a table of contents, but not much else other than handwritten proposed findings of fact that do not cite to evidence, and a stack of exhibits. In particular, she has not filed proposed findings of fact.

In a March 25, 2011 letter to the court (dkt. 47), plaintiff states that she seeks a two-week extension to complete her materials. She also states that defendant has not provided her with an "affirmative action report," prepared by Wanda Anthony, which I will construe as a motion to compel.[1] On April 1, 2011, Defendant timely filed its reply, noting the deficiencies in plaintiff's response, *see* dkt. 49 at 2, and reporting that plaintiff did not actually mail her discovery responses to defense counsel until March 30, 2011, *see* dkt. 51 & Exh. B.

Technically, defendant's summary judgment motion is under advisal, but the court will give plaintiff one more (brief) chance beyond the two weeks she requested to try to cure the

---

[1] Plaintiff also throws down a gauntlet on defendant's request for medical release forms, but that issue is not before the court at this time.

deficiencies in her summary judgment materials by filing a full brief, proposed findings of fact, and corrected responses to defendant's proposed findings that cite to evidence. Because plaintiff did not raise the issue of the "affirmative action report" until the last minute, this is not a basis to provide a longer extension to plaintiff and she should not expect to have the report in hand when preparing any supplemental submissions opposing summary judgment. Nonetheless, I am requiring the state to respond to plaintiff's assertions that it has not provided this report in response to plaintiff's request.

If the state wishes to reply to plaintiff's supplemental response on summary judgment, it may have one week to do so. No further extensions of the summary judgment submission deadlines are possible for either party because the calendar already is uncomfortably compressed.

ORDER

It is ORDERED that:

(1) Plaintiff's motion for an extension of time to file her materials in response to plaintiff's motion for summary judgment, dkt. 47, is GRANTED; plaintiff may have until April 22, 2011 to file her materials. Defendant may have until April 29, 2011 to file a supplemental reply.

(2) Defendant may have until April 21, 2011 to file a response to plaintiff's allegations regarding the state's failure provide the requested affirmative action report.

Entered this 14th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2